**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**MICHAEL C. REDIFER,**<br><br>　　　　**Defendant.** | Case No. 12-20003-10-JAR |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Michael Redifer's Motion for Compassionate Release (Doc. 743) pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons provided below, Redifer's motion is denied.

**I.   Background**

On June 5, 2013, Redifer was convicted by a jury of conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).[1] Judge Carlos Murguia sentenced him to 360 months' imprisonment, followed by five years of supervised release.[2]

On direct appeal, the Tenth Circuit Court of Appeals affirmed Redifer's conviction but remanded the case for resentencing because the Presentence Investigation Report incorrectly calculated the drug quantity attributable to Redifer.[3] On remand, the court recalculated the quantity of drugs attributed to Redifer and lowered his sentence from 360 months to 254

---

[1] Doc. 316.

[2] Doc. 479.

[3] *United States v. Redifer*, 631 F. App'x 548, 570–71 (10th Cir. 2015).

months.[4] The Tenth Circuit subsequently dismissed Redifer's appeal.[5] On October 1, 2019, Redifer filed a motion to vacate under 28 U.S.C. § 2255, challenging his conviction on the basis that his attorney client communications were recorded and accessed by the government.[6] That motion remains pending.

Redifer is currently incarcerated at FCI Sandstone in Minnesota, an institution housing 856 inmates. The Bureau of Prisons ("BOP") reports that 702 inmates have tested positive for COVID-19 out of 767 inmates tested at this facility, with zero tests are pending.[7] The BOP further reports that FCI Sandstone has three active inmate cases and three active staff cases[8]. One inmate at this facility has died from COVID-19.[9] Redifer is forty-four years old, and his projected release date is March 21, 2031.

On December 4, 2020, Redifer filed this motion requesting compassionate release based on the COVID-19 pandemic, his living conditions, and the inadequate measures to protect or mitigate COVID-19 transmission among inmates at FCI Sandstone. Redifer does not contend that he has an underlying medical condition that places him at an increased risk of severe illness from the virus that causes COVID-19. Nor does Redifer offer a release plan or show that any release plan has been approved by the United States Probation Office.

Redifer is not represented by counsel. Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek

---

[4] Doc. 678. Judge Murguia subsequently resigned his commission early in 2020.

[5] *United States v. Redifer*, 728 F. App'x 804, 805 (10th Cir. 2018)

[6] Doc. 734.

[7] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Jan. 20, 2021).

[8] *Id.*

[9] *Id.*

compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The FPD has notified the Court that it does not intend to enter an appearance in Redifer's case. Accordingly, Redifer proceeds *pro se*.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[10] Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[11] But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[12] Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[13]

---

[10] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[11] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

[12] 18 U.S.C. § 3582(c)(1)(A).

[13] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is

3

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[14]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[15]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least sixty-five years old, is experiencing a serious deterioration in

---

jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional); *cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[14] 18 U.S.C. § 3582(c)(1)(A).

[15] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

4

physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[16] A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[17]

## III.   Discussion

### A.   Exhaustion

Redifer submitted a request to the warden of FCI Sandstone, which the warden denied on November 29, 2020. The government does not dispute that Redifer has satisfied the applicable exhaustion requirement. Thus, this Court has jurisdiction to decide Redifer's motion.

### B.   Extraordinary and Compelling Reasons

Having determined that Redifer has exhausted his administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing his sentence to time served. Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[18]

The Sentencing Commission's comments to § 1B1.13 set forth four circumstances under which extraordinary and compelling reasons may exist: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant

---

[16] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[17] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[18] 28 U.S.C. § 994(t).

is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[19]

Neither in his request to the warden nor in this motion does Redifer identify any extraordinary and compelling reason supporting his motion. He does not allege that he meets any of the four criteria delineated in the statute, and he does not allege that he has any underlying medical condition at all, much less one that is recognized as placing him at a heightened risk of serious illness should he contract COVID-19. Instead, Redifer offers an exposition of the general risks of COVID-19, the inadequate measures taken at FCI Sandstone to ameliorate the risk, and the questionable efficacy, in Redifer's view, of the vaccines and vaccination programs. As this Court has previously explained, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[20] The Court thus concludes that Redifer has utterly failed to show an extraordinary and compelling reason for compassionate release. Accordingly, Redifer's motion for compassionate release is denied.

---

[19] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (A) through (C) (U.S. Sentencing Comm'n 2018).

[20] *See United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

**IT IS THEREFORE ORDERED** that Defendant Michael Redifer's Motion for Compassionate Release (Doc. 743) is **DENIED.**

**IT IS SO ORDERED.**

Dated: January 20, 2021

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE